UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PQ NEWPORT BEACH BAKERY, INC., a Delaware Corporation; and DOES 1 to 10,<br><br>　　　　Defendants. | Case No.: SACV 19-02288-CJC(JDEx)<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM |

**I. INTRODUCTION & BACKGROUND**

On November 26, 2019, Plaintiff Brian Whitaker filed this action against Defendant PQ Newport Beach Bakery, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint, hereinafter "Compl."].)  Plaintiff alleges that he visited a Le Pain Quotidien store that Defendant owns in November 2019 "with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the

disability access laws." (*Id.* ¶ 8.) He alleges that he found that the location "failed to provide accessible dining surfaces." (*Id.* ¶ 10.) He asserts that the failure to provide accessible dining surfaces and sales counters violates the ADA and the Unruh Act. (*Id.* ¶¶ 25, 28.) Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act. (*Id.* at 6–7.) He contends that this Court has federal question jurisdiction over his ADA claim and supplemental jurisdiction over his Unruh Act claim. (*Id.* ¶¶ 5–6; *see generally* Dkt. 10.)

Before the Court is Plaintiff's response to this Court's order to show cause as to why it should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other state law claims (Dkt. 8). (Dkt. 10.) For the following reasons, this Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

**II. DISCUSSION**

    **A.**    **Supplemental Jurisdiction**

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.

§ 1367(c).  "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."  *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (internal quotation omitted).

District courts may decline to exercise jurisdiction over supplemental state law claims based on various factors, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).  The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)–(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances."  *Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).  This "inquiry is not particularly burdensome."  *Id.*

### B.  ADA and Unruh Act Claims

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Under the ADA, "damages are not recoverable . . . only injunctive relief is available."  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

The Unruh Act provides: "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the ADA constitutes a violation of § 51 of the Unruh Act. *See* Cal. Civ. Code § 51(f). Though the Unruh Act also permits injunctive relief, unlike the ADA, it also allows for recovery of monetary damages. A plaintiff may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

### C. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

The Court finds that this case presents "exceptional circumstances" and that "there are compelling reasons," primarily based on comity, for declining jurisdiction over Plaintiff's Unruh Act claim. 28 U.S.C. § 1367(c)(4). California's recent legislative enactments confirm that the state has a substantial interest in this case. In 2012, California adopted heightened pleading requirements for Unruh Act accessibility claims "in an attempt to deter baseless claims and vexatious litigation." *See Velez v. Il Fornaio (Am.) Corp.*, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). When these heightened pleading requirements did not substantially reduce vexatious filings, California enacted additional restrictions in 2015. *See* Cal. Civ. Proc. Code § 425.50. These restrictions specifically targeted "high frequency litigants," *i.e.*, plaintiffs and attorneys who file more than ten construction-related accessibility violation complaints during a twelve-month period. *See* Cal. Civ. Proc. Code § 425.55(b)(1).

After the 2015 reforms, high frequency litigants must comply with the following requirements in California state court: the complaint must allege (1) "whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business." *See Johnson v. Morning Star Merced, LLC*, 2018 WL 4444961, at *5 (E.D. Cal. Sept. 14, 2018) (citing Cal. Civ. Proc. Code § 425.50(a)(4)(A)). High frequency litigants are also required to pay an additional $1,000 filing fee. Cal. Gov't. Code § 70616.5. The California Legislature's justification for imposing these burdens on high frequency litigants provides as follows:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all [construction-related accessibility] complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2).

Plaintiff, who filed over 100 cases during the first six months of 2019 alone, easily qualifies as a high frequency litigant and would be subjected to California's heightened pleading requirements and increased filing fee were he to litigate in state court. (*See* Dkt. 10-1 ¶ 4.) However, unlike the Unruh Act's statutory damages provision, California's pleading restrictions are procedural and do not apply in federal court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). This enables high-frequency litigants like Plaintiff to duck the burdens of state law but still reap its benefits by filing ADA and Unruh Act claims together in federal court and invoking 28 U.S.C. § 1367(a). This type of gamesmanship significantly undermines California's efforts to reform Unruh Act litigation.

Unfortunately, there is considerable evidence that this has already occurred. According to statistics gathered by the Central District's Clerk's Office, in 2013, ADA claims made up just three percent of the civil cases filed the Central District. Since California's heightened pleading requirements took effect, that number has increased steadily. Indeed, in the first six months of 2019, ADA cases made up twenty-four percent of the Central District's civil caseload. Consistent with the 2015 findings of the California legislature, the Clerk's Office found that this uptick in filings was driven by high-frequency litigants. Eighty-four percent of Central District ADA claims filed from January 1, 2019 to June 30, 2019 were by Plaintiffs who would qualify as high-frequency litigants under Cal. Civ. Proc. Code § 425.55(b)(1). The only explanation for the phenomenon is the strategic evasion of California's new reforms.

This trend of construction-related-accessibility-claim litigants, especially high frequency litigants like Plaintiff, flocking to federal court threatens to nullify California's efforts to protect its small businesses from such claims. The Court finds that this situation presents "exceptional circumstances" and "compelling reasons" for it to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C.

§ 1367(c)(4). This holding is in line with the growing number of federal courts in California that have declined to exercise supplemental jurisdiction over similar claims. *See, e.g.*, *Langer v. Deddeh*, 2019 WL 4918084, at *2 (S.D. Cal. Oct. 4, 2019) (declining to exercise supplemental jurisdiction because the Unruh Act claim predominates over the ADA claim and the interests of comity and discouraging forum shopping constitute exceptional circumstances); *Theroux v. Oceanside Motel-9, LP*, 2019 WL 4599934, at *2 (S.D. Cal. Sept. 20, 2019) (similar); *Langer v. Petras*, 2019 WL 3459107, at *2 (S.D. Cal. July 31, 2019) (similar); *Spikes v. All Pro Auto Repair, Inc.*, 2019 WL 4039664, at *2 (S.D. Cal. Aug. 26, 2019) (dismissing for these reasons various state law claims including claims for violation of the Unruh Act, California Health and Safety Code Section 19955, negligence per se, and negligence); *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019) (finding that "it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements"); *see also Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005) (declining to exercise supplemental jurisdiction over an Unruh Act claim after finding that "discouraging forum-shopping is a legitimate goal for the federal courts"). Plaintiff's citation to *Johnson*, 2018 WL 4444961, does not persuade the Court to change this decision. (Dkt. 10 at 12–13.)

The Court declines to exercise supplemental jurisdiction over Plaintiff's California Unruh Act claim as a matter of comity. The comity interest comes up in at least two ways. First, California has established a detailed statutory scheme regarding construction-related accessibility complaints, and it deserves to be able to enforce that scheme. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). Second, significant forum-shopping considerations here implicate comity considerations. *See id.*; *Brick Oven Rest.*, 406 F. Supp. 2d at 1131. Combining an ADA claim with an Unruh Act claim does not increase the range of remedies available to a plaintiff. The

ADA's only remedy is injunctive relief, which is equally available under the Unruh Act. Because the statutes are co-extensive in this respect, "[i]t is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court." *See Schutza*, 262 F. Supp. 3d at 1031; *Brick Oven Rest.*, 406 F. Supp. 2d at 1131. Filing these cases in federal court "deprive[s] the California state courts of the ability to interpret and settle unsettled issues of state law." *Brick Oven Rest.*, 406 F. Supp. 2d at 1132.

The Court also finds that whatever inefficiencies may arise from Plaintiff litigating his claims in two separate forums are slight in comparison to California's weighty interest in ensuring its laws are not circumvented, and in enforcing the detailed statutory regime it has set up for construction-related accessibility claims.

### D. The Court Declines to Stay This Case Pending *Arroyo v. Rosas* or Certify it for Interlocutory Appeal

Plaintiff asks, if the Court declines jurisdiction over the state law claims, that the Court stay this case pending the resolution of the appeal filed in *Arroyo v. Rosas*, 9th Cir. Case No. 19-55974. (Dkt. 10 at 16.) The Court declines to do so. It would not be efficient or otherwise in the interests of justice for this Court to wait to proceed in this case pending the Ninth Circuit's resolution of that case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Court also declines to certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292. (*See* Dkt. 10 at 16–18.) To determine whether leave to appeal should be granted, district courts consider whether the issue presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b). Plaintiff has the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The Court finds that Plaintiff has not met this high burden. Plaintiff can continue litigating the ADA claim in federal court while simultaneously litigating the Unruh Act claim in California state court.

**IV. CONCLUSION**

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. This claim is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff asserting it in state court. The Court retains jurisdiction over Plaintiff's ADA claim.

DATED: December 17, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE